**YONG BIAO LIU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 05–6525–ag.**

United States Court of Appeals, Second Circuit.

May 5, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

92

Robert J. Adinolfi, Louis & Adinolfi, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Leslie A. Ramirez–Fisher, Elizabeth Wolstein, Assistant United States Attorneys, New York, NY, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Yong Biao Liu, a native and citizen of China, seeks review of a November 29, 2005 order of the BIA affirming the August 6, 2004 decision of Immigration Judge ("IJ") Alan L. Page, denying Liu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liu*, No. A 70 895 627 (B.I.A. Nov. 29, 2005), *aff'g* No. A 70 895 627 (Immig. Ct. N.Y. City Aug. 6, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the IJ's decision as the final agency determination.[2] *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, and we treat those findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Delgado v. Mukasey*, 508 F.3d 702, 705 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We first find that the IJ's adverse credibility determination is supported by substantial evidence. As the IJ found, despite his testimony that he had fathered two children in China, Liu indicated in his initial asylum application and to the asylum officer that he had only one child. This inconsistency went to a matter material to Liu's claim, which was predicated on his being persecuted under the coercive family planning policy for having too many children.

Moreover, the IJ properly found that Liu's testimony that he had been in hiding from September 1989 to June 1992 was inconsistent with his earlier claim before the asylum officer that he had been in hiding from November 1990 to February 1992, at which point he arrived in the United States. Insofar as Liu claimed to have gone into hiding in fear of being persecuted under the coercive family planning policy, this matter also went to the heart of his claim.

These inconsistencies, when measured against the record as a whole, are certainly

2. We take this opportunity to express our concern about the inadequacy of Liu's brief before the BIA. That brief was excessively generic and did not include many of the specific claims for relief that Liu now makes before us. Given this fact, it is unsurprising that the BIA elected to summarily affirm the IJ's decision. In this particular instance, in light of our recent holding in *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118–20 (2d Cir.2007) and the Government's failure to adequately raise the question of issue exhaustion on appeal, see *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998), we will consider the merits of Liu's claims.

"substantial" enough to warrant an adverse credibility determination. While Liu offered explanations for these inconsistencies, the IJ did not err in rejecting them where no reasonable fact-finder would have been compelled to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Liu also argues that because the IJ never made an explicit adverse credibility finding as to his assertion that he had two children, he should be presumed credible in that regard and that remand would then be appropriate pursuant to our holding in *Tian Ming Lin v. Gonzales,* 473 F.3d 48, 49–50 (2d Cir.2007). This claim is without merit. As noted above, the IJ found that Liu's testimony that he had two children was inconsistent with his initial asylum application, which indicated that he had only one. The IJ's adverse credibility determination clearly reflected his doubts as to the authenticity of Liu's claims regarding his second child. Accordingly, remand is not appropriate. *Cf. Jian Hui Shao v. BIA,* 465 F.3d 497, 500–01 (2d Cir.2006) (upholding the agency's adverse credibility determination, but remanding the case where it was undisputed that petitioner had two children born in China).

Because the only evidence of a threat to Liu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). The IJ did separately and adequately review Liu's CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).